**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEON DAVIS,

      Plaintiff,                         Civil Action No. 2:11-14701

v.                                          HONORABLE ARTHUR J. TARNOW
                                                    UNITED STATES DISTRICT COURT

WARDEN H. WASHINGTON,

      Defendant,
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

The Court has before it Plaintiff Leon Davis' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Charles Egeler Reception and Guidance Center Annex in Jackson, Michigan. For the reasons stated below, the Court will deny plaintiff's civil rights complaint, because it fails to state a claim upon which relief can be granted. This Court further construes plaintiff's action as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**II. Standard of Review**

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

1

*Davis v. Washington,* U.S.D.C. 11-14701

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

*Davis v. Washington,* U.S.D.C. 11-14701

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff's complaint is difficult to understand but it appears that plaintiff alleges that he was wrongfully convicted of second-degree murder and possession of firearm in the commission of a felony based upon a suggestive identification procedure. Plaintiff also alleges that the trial judge violated the *Ex Post Facto* Clause of the United States Constitution. Plaintiff also appears to argue that he has wrongly been denied federal habeas relief from his conviction. Plaintiff seeks punitive damages and possibly injunctive relief.

.

### IV. Discussion

Plaintiff is unable to obtain monetary damages arising from his conviction absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

*Davis v. Washington,* U.S.D.C. 11-14701

Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration, against the defendant fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 Fed. Appx. 137, 138 (6th Cir. 2004).

To the extent that plaintiff is seeking to have his criminal conviction vacated or set aside, his appropriate federal remedy would be to file a petition for writ of habeas corpus. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

*Davis v. Washington,* U.S.D.C. 11-14701

Petitioner has already challenged his 2002 conviction for second-degree murder and felony firearm, which was denied on the merits. *See Davis v. Jackson,* U.S.D.C. No. 2:05-CV-72236; 2007 WL 614183 (E.D. Mich. February 26, 2007); *appeal dism.* U.S.D.C. No. 07-1340 (6th Cir. October 16, 2007). Petitioner has subsequently been denied permission by the United States Court of Appeals for the Sixth Circuit to file a successive petition to challenge this conviction. *In Re Davis,* U.S.D.C. No. 10-1866 (6th Cir. May 12, 2011).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

5

*Davis v. Washington,* U.S.D.C. 11-14701

A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)).  Where a prisoner's motion or filing is the functional equivalent of a second or successive habeas petition, he or she must obtain permission from the court of appeals before bringing such an action in the district court. *See e.g. Long v. Commonwealth of Kentucky,* 80 Fed. Appx. 410, 414 (6th Cir. 2003)(The provisions of 28 U.S.C. § 2244(b) apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002)(same).  To the extent that plaintiff's civil rights complaint is the equivalent of a second or successive habeas petition, it must be transferred to the Sixth Circuit for a certificate of authorization pursuant to § 2244(b)(3)(A).

### V.  ORDER

**IT IS HEREBY ORDERED** that plaintiff's civil rights complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631, 28

*Davis v. Washington,* U.S.D.C. 11-14701

U.S.C. § 2244(b)(3)(A) and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), for a determination of whether plaintiff should be permitted to file a subsequent habeas petition.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 9, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 9, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary